**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**David KEAGGY, Defendant—Appellant.**

No. 02–50244.

D.C. No. CR–00–00716–MMM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2003.

Decided March 7, 2003.

Before B. FLETCHER, ALARCÓN, and HAWKINS, Circuit Judges.

MEMORANDUM *

The district court did not err by denying Keaggy's motion for judgment of acquittal. Drawing all inferences in favor of the government, there was sufficient evidence from which a rational juror could infer Keaggy's knowledge of and intent to commit mail fraud. *United States v. Stoddard*, 150 F.3d 1140, 1143–44 (9th Cir. 1998). There was also sufficient evidence that the Keaggys' false statements to the Small Business Administration were material. *United States v. Service Deli, Inc.*, 151 F.3d 938, 941 (9th Cir.1998) (false statement is material if "capable of influencing" a federal agency; need not actually influence agency's decision).

The district court did not abuse its discretion by denying Keaggy's motion for a new trial based on newly discovered evidence. As the district court noted, it is questionable whether the evidence was indeed "newly discovered" or whether Keaggy had exercised due diligence in discovering it, but, in any event, the evidence was not likely to produce a different verdict. *United States v. Jackson*, 209 F.3d 1103, 1106 (9th Cir.2000).

In sentencing Keaggy, the district court recognized its authority to depart downward, but did not feel such a departure was warranted. As such, we lack jurisdiction to review the district court's decision not to depart. *United States v. Davoudi*, 172 F.3d 1130, 1133 (9th Cir.1999).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.